**JALOY MANUFACTURING CO., INC., Plaintiff-Appellee,**

v.

**UNITED STATES FIDELITY & GUARANTY CO., Defendant-Appellant.**

No. 83–1300.

United States Court of Appeals, Sixth Circuit.

Argued May 1, 1984.

Decided June 25, 1984.

Carl J. Marlinga, argued, Bushnell, Gage, Doctoroff, Reizen, Southfield, Mich., for defendant-appellant.

Peter J. Durand, argued, Ralph H. Houghton, Jr., Fischer, Franklin, Ford, Simon & Hogg, Detroit, Mich., for plaintiff-appellee.

Before LIVELY, Chief Judge, EDWARDS, Circuit Judge, and TIMBERS, Senior Circuit Judge.[*]

---

[*] Honorable William H. Timbers, Senior Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

Plaintiff-appellee Jaloy Manufacturing Co., Inc., is a corporation doing business in Warren, Michigan. United States Fidelity & Guaranty Co. (USF & G) is a Maryland corporation which insured Jaloy under Michigan's Workmen's Compensation laws. Due to a change in Michigan insurance ratings and USF & G's failure to amend Jaloy's policies, Jaloy claims and USF & G agrees that Jaloy paid $11,308 in excess premium payments. In this unique setting USF & G contends that the District Court erred in granting summary judgment to Jaloy for the sum which USF & G agrees it overcharged.

The basis for USF & G's defense in the District Court, and now before this court, is that in its judgment the real party in interest was another corporation, Production Finishing Corporation, of which Jaloy had been a wholly-owned subsidiary. In August of 1981, however, Production Finishing Corporation sold Jaloy to its (Jaloy's) then general manager. Shortly after the sale, Jaloy discovered the improper insurance rating and made its claim against USF & G. When USF & G did not respond to Jaloy, Jaloy filed a complaint with the Michigan Insurance Commission in March of 1982; and in August, USF & G informed Jaloy that it had paid the $11,308 excess premium payment to Production Finishing Corporation. Thereupon Jaloy filed this suit in the United States District Court against USF & G.

On Jaloy's motion for summary judgment, and after receiving an affidavit setting forth Production Finishing Corporation's position, the District Judge granted judgment to Jaloy. The affidavit filed by Production Finishing Corporation's secretary-treasurer claimed that the insurance premiums which Jaloy sought to recoup from USF & G had been paid with funds

supplied by Production Finishing Corporation, and on the basis of this affidavit, USF & G contended that it had justifiably ignored the corporate entity with which it had contracted and paid the refund to Production Finishing Corporation. At no time did USF & G commence any interpleader action pursuant to Federal Rules of Civil Procedure 22. It did, however, on paying the refund to Production Finishing Corporation, receive an indemnification agreement from said corporation in the event it was found that Production Finishing Corporation was not entitled to the refund.

The District Judge granted summary judgment in the following order:

This is an action for an insurance refund because of a premium overpayment in the amount of $11,308 due to an incorrect rate classification. Defendant insurance company defends on the ground that it paid the refund to plaintiff's former parent corporation which advanced the premium money to plaintiff. This is no defense. Generally Michigan law treats a corporation as a distinct entity separate from its officers and stockholders unless the corporation is employed as an instrument of fraud, *Soloman v. Western Hills*, 110 Mich.App. 257, 312 N.W.2d 428 (1981). Whatever may be the obligation of plaintiff to its former parent, it is of no concern to defendant. If defendant paid the refund by mistake to the parent, it is of no moment to the claim of plaintiff in this case. Plaintiff may have judgment in the amount of $11,308.

We consider two questions: 1) Did USF & G have the right to determine that Production Finishing Corporation was "the right party in interest" and therefore pay the premium refund to that entity? 2) Is Jaloy entitled to attorneys' fees or other damages on this appeal?

■ In colloquies during the oral hearing of this case before this court, it became apparent that this suit was filed at the behest of Production Finishing Corporation by an attorney who had its interest primarily in mind.

At this point in our consideration of this case, we call attention to Federal Rules of Civil Procedure 20 and 22 which were ignored by USF & G in returning the overpayment. They are as follows:

**Rule 20. Permissive Joinder of Parties**

(a) **Permissive Joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(b) **Separate Trials.** The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.

(As amended Feb. 28, 1966, eff. July 1, 1966.)

**Rule 22. Interpleader**

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability.

It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

(2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Title 28, USC §§ 1335, 1397, and 2361. Actions under those provisions shall be conducted in accordance with these rules.

(As amended Dec. 2, 1948, eff. Oct. 20, 1949).

We believe that these rules gave USF & G a clear-cut opportunity to resolve any problem it had concerning to whom it owed the refund and that it should have used it. It was Jaloy Manufacturing Company which made the overpayment to USF & G, as the District Judge properly found.

Citing Michigan law in this diversity case, the District Court held that USF & G had no right to disregard the fact that Jaloy Manufacturing Company had made the overpayment. Nor did it have the right to choose other than Jaloy, the corporate entity which made the overpayment, in repaying same.

■ Under Michigan law a corporation is a legal entity which may not be disregarded except where equitable considerations (not present here) require piercing the corporate veil. *See Bourne v. Muskegon Circuit Judge*, 327 Mich. 175, 191, 41 N.W.2d

515, 522 (1950); *Soloman v. Western Hills Development Co.*, 110 Mich.App. 257, 312 N.W.2d 428 (1981). *See also* 7 MICH.LAW & PRACTICE §§ 3, 47 (1973).

For the reasons set forth above, we affirm the judgment of the District Court.

■ On the record in this case involving substantial delay on the part of USF & G in responding to a proper legal claim by Jaloy, and a frivolous appeal to this court, we believe that sanctions are appropriate. Jaloy may have double costs in the premises which will be determined and awarded by the District Court on remand. In addition, we award damages due to delay in the sum of $1,000 to Jaloy.